

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 21, 2024**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| CHARLES BLAKE STRINGER, | § | Case No.: 24-20000-RLJ-11 |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

### MEMORANDUM OPINION AND ORDER

On February 20, 2024, hearing was jointly held on the following matters: the motions to use cash collateral filed by the Debtors in Case Nos. 24-20000 and 24-20001, the Charles Blake Stringer and Stringer Farms, Inc. cases; the motions for relief from stay filed on January 26, 2024 by Herring Bank in each of the jointly administered bankruptcy cases; and the motions for relief from stay filed on January 26, 2024 by Zions First National Bank (Zions) in Case Nos. 24-20000 and 24-20001.[2]

---

[1] The following chapter 11 cases are jointly administered in Case No. 24-20000: Charles Blake Stringer (Case No. 24-20000); Stringer Farms, Inc. (Case No. 24-20001); Revelation Oil & Gas, LLC (Case No. 24-20002); and Dos Ex Cattle Co., LLC (Case No. 24-20003).

[2] "Debtors" refers to the four jointly administered debtors: Charles Blake Stringer, Stringer Farms, Inc., Revelation Oil & Gas, LLC, and Dos Ex Cattle Co., LLC.

I.

Two days after the hearing, the Court issued its order denying the Debtors' request to use cash collateral but set a final hearing on March 14, 2024 on Herring Bank's and Zions's stay motions. ECF No. 60.[3] The Court instructed that, at the final hearing, the Debtors could provide an update of plan prospects going forward, provided notice of such was filed with the Court no later than March 8. And the parties were allowed to present additional evidence "in support of or in opposition to any new proposal by the debtors." *Id*. The record from the February 20 hearing would be carried forward and consolidated with the final hearing.

The Debtors, on *March 11*, filed a notice with the Court stating that they

> intend to file a Joint Plan … that will pay all claims … in full. The Debtors intend to accomplish this Plan by either liquidating its properties (Debtors believe that the liquidation of their combined assets is sufficient to pay such claims) or … [by] obtain[ing] refinancing sufficient to payoff the secured creditors in full [and] treat the other creditors…. Such actions will occur on or before the 2024 crop year. In the meantime, Debtors intend to lease farm property to Dyke Rogers during the 2024 crop years.

ECF No. 73.

The final hearing on the two stay motions was held on March 14.

For the Debtors' short-term solution, a lease with Dyke Rogers, they have filed a motion "for [a]uthority to [e]nter into" a lease with Rogers. ECF No. 74. This motion was also filed on March 11. The motion recites that the proposed lease is a cash lease that pays $231,000 on April 1, 2024 and $231,000 on November 30, 2024. The proposed lease, a copy of which is attached to the motion, is a "Farming Lease *Proposal*." *Id.*, Ex. A (emphasis added). No evidence was provided in support of this "proposal."

---

[3] "ECF No." refers to the numbered docket entry in the Court's electronic case file for Case No. 24-20000.

The Court, upon consideration of the Debtors' one-paragraph, new-plan proposal with a new lease *proposal*, comes to the difficult conclusion that the Debtors' proposal is simply too little, too late.

II.

Herring Bank moves exclusively for stay relief for cause under § 362(d)(1) of the Bankruptcy Code; Zions moves for relief principally for cause, as well. They both submit that the Debtors' cases were filed in bad faith because of the Debtors' present circumstance and the multiple forbearances and broken promises by the Debtors to liquidate or obtain refinancing.

The Court finds as follows: The Debtors' assets consist of large tracts of real property—over 6,800 acres—that secure the two major secured creditors that hold debts in excess of $18 million. The Debtors have few if any regular employees[4] other than the principal; they have no current cash flow or source of regular income; they have few unsecured creditors; the properties have been posted multiple times for foreclosure; Stringer and Stringer Farms sued Zions in state court to enjoin Zions's collection efforts; and, as a result of the Debtors' failed promises and proposals, the Debtors have caused their circumstance and that of the creditors to drag-on far longer than what is reasonable. The Debtors have lost all support and patience of their major creditors. Last, and of particular significance, these chapter 11 bankruptcy filings violate the provisions of the confirmed plan in Stringer and Stringer Farms's prior bankruptcy case. Case No. 16-44821. There the debtors agreed that Zions would be entitled to immediate stay relief in the event of a subsequent bankruptcy filing. *In re Stringer Farms, Inc.*, Case No. 16-44821, ECF No. 271 (Bankr. N.D. Tex. Jan. 9, 2018).

---

[4] The Debtor, Blake Stringer, testified that none of Stringer Farms, Inc., Revelation Oil & Gas, LLC, and Dos Ex Cattle Co., LLC had any employees. But he also vaguely testified that he has two employees, one of which is a part-time employee and the other he personally pays as an employee of Dos Ex Cattle Co., LLC.

The cause standard implicates a charge that the Debtors' bankruptcy filings were made in bad faith. Debtors seemingly dismiss this charge because, they say, they obviously have no bad faith motive; they simply seek to reorganize. But the Fifth Circuit has outlined the factors the courts must consider in assessing whether a case has been filed in bad faith. *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072–73 (5th Cir. 1986). As with any action that depends on some notion of scienter by a party, that party's admission of such would rarely if ever be given. Courts thus look to the party's conduct. The Court has considered whether the 2005 Reform Act,[5] which was intended in large part to address debtor abuse, has mitigated the effect of the Fifth Circuit's *Little Creek* opinion. But *Little Creek* remains as viable now as it was before the Reform Act. *See In re Alexandra Tr.*, 526 B.R. 668, 680–84 (Bankr. N.D. Tex. 2015); *In re Hesed Enters., LLC*, No. 16-10299-rlj7, 2017 WL 4457434, at *6–7, *10 (Bankr. N.D. Tex. Sept. 29, 2017).

The Debtors maintain that Herring Bank and Zions are adequately protected because the Debtors' real estate and other assets have a value of over $33 million. There are two problems with this point. First, as stated, Herring Bank and Zions allege cause under § 362(d)(1) warrants relief—and one *cause* is the Debtors' blatant attempt to stay Zions despite its court-approved agreement that Zions would not be stayed by another bankruptcy filing. Second, there is not sufficient evidence for the Court to conclude that the parties have a significant equity cushion. The Debtors' values are as scheduled in their bankruptcy case. No expert valuation testimony was provided. In a liquidation context, such values may be severely discounted. The Court, in a rough calculation, finds that the monthly interest accrual on the secured debts will exceed $100,000. Last, the Debtors have continued in default for several years. Any equity is rapidly

---

[5] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

and dangerously eroding, and the "plan" that has been suggested here would not, even under the rosiest of outcomes, generate payments to Herring Bank or Zions until late 2024 or, more likely, well into 2025. The evidence falls short of showing the Debtors have a viable plan in prospect.

III.

The Court finds cause exists to grant the relief requested by Herring Bank and Zions. It is hereby

ORDERED that the automatic stay as to Herring Bank is lifted under § 362(d)(1) of the Bankruptcy Code; it is further

ORDERED that the automatic stay as to Zions is lifted under § 362(d)(1) of the Bankruptcy Code.

### End of Memorandum Opinion and Order ###