

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed April 26, 2024

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| CHARLES BLAKE STRINGER, | § | Case No.: 24-20000-RLJ-11 |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

## MEMORANDUM OPINION AND ORDER

The Court addresses Friesen Hay, Inc.'s motion for relief from stay and the objection to such motion by Agrifund, LLC (also known as Ag Resource Management) that raises numerous issues. Hearing was held on April 16, 2024. The Court, focusing on the relief requested—and not the extent and validity of liens (Fed. R. Bankr. P. 7001(2))—concludes that Friesen Hay's motion must be granted.

### BACKGROUND

The debtors in these jointly administered bankruptcy cases are Charles Blake Stringer, Stringer Farms, Inc., Revelation Oil & Gas, LLC, and Dos Ex Cattle Co., LLC (collectively, "Debtors"). The Debtors filed their chapter 11 petitions on January 2, 2024.

---

[1] The following chapter 11 cases are jointly administered in Case No. 24-20000: Stringer Farms, Inc. (Case No. 24-20001); Revelation Oil & Gas, LLC (Case No. 24-20002); and Dos Ex Cattle Co., LLC (Case No. 24-20003).

Shortly before the Debtors' bankruptcy filings, Charles Blake Stringer hired Friesen Hay to harvest and process hay and silage. Friesen Hay rendered those services in the fall of 2023 and issued an invoice for $66,772.50, dated November 24, 2023. Case No. 24-20000, Claim No. 10-1 at 4.

Agrifund asserts that it holds a first priority lien on the hay and silage. ECF No. 76 at 3.[2]

On February 12, 2024, the Debtors, in a motion to use cash collateral in the Charles Blake Stringer and Stringer Farms, Inc. bankruptcy cases, represented to the Court that the value of the hay and silage is $75,000.[3]

In the Charles Blake Stringer bankruptcy case, Friesen Hay filed the motion for relief from the automatic stay for the hay and silage that it harvested. ECF No. 67. Friesen Hay's motion drew an objection from Agrifund [ECF No. 76], to which it replied [ECF No. 91].

The Debtors filed no response to the motion and did not attend the hearing; from the Debtors' silence, the Court concludes they do not oppose the motion.

## DISCUSSION

Friesen Hay moves for relief from the automatic stay under § 362(d)(1) and (2). Friesen Hay asserts a statutory lien[4] on hay and silage located at the Debtors' facilities. By its motion, Friesen Hay says it is not adequately protected for its interest in the hay and silage, which, it submits, is declining in value. Friesen Hay also contends that the Debtors lack equity in the hay and silage and that the hay and silage are not necessary for a reorganization. Friesen Hay offered the testimony of Gerhard Friesen (the owner of Friesen Hay) and various filings from the Debtors' bankruptcy case.

---

[2] "ECF No." refers to the numbered docket entry in Case No. 24-20000 unless otherwise stated.
[3] Case No. 24-20000, ECF No. 38 ¶ 6; Case No. 24-20001, ECF No. 38 ¶ 6.
[4] Within the motion for relief from stay, Friesen Hay clarifies that the source of its lien is Texas Property Code §§ 70.401–.410.

Agrifund argues that Friesen Hay did not prove its *prima facie* case for relief. ECF No. 76. The elements of the *prima facie* case that Agrifund alleges Friesen Hay failed to prove are multifold. Agrifund argues Friesen Hay failed to provide evidence on the Debtors' lack of equity in the property or that the property is necessary for the Debtors' reorganization. Addressing Friesen Hay's motion under the cause analysis of § 362(d)(1), Agrifund says that Friesen Hay has no interest in the property; and even if it does have an interest, then that interest is unperfected; and further, if that interest is perfected, then Agrifund's lien is still superior and thus deference should be given to the senior lien holder's opposition to the motion.

This argument raises the question: What is a *prima facie* case for relief from the automatic stay? Caselaw establishes that the movant prove a *prima facie* case. *See In re Kleibrink*, 346 B.R. 734, 760 (Bankr. N.D. Tex. 2006). "A *prima facie* case requires a showing by the movant of a 'factual and legal right to the requested relief that it seeks." 3 COLLIER ON BANKRUPTCY ¶ 362.10 (16th 2024) (quoting *In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994)).

The text of § 362(d)(1) provides that, on request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." A basic showing of cause establishes the movant's § 362(d)(1) *prima facie* case. One court has said that the *prima facie* showing for "cause" requires that the "movant [] initially demonstrate that it holds a claim, secured by a valid, perfected lien upon estate property, and that a decline in the value of its collateral is either occurring or is threatened." *In re Box*, 324 B.R. 290, 292 (Bankr. S.D. Tex. 2005). The test in *In re Box* imposes a "perfected lien" requirement, which goes beyond the text

3

of § 362(d)(1)—the statute merely requires the movant have "an interest in property." *Compare In re Box*, 324 B.R. at 292, *with* § 362(d)(1).

A creditor's proof of claim serves as *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Courts have looked to Rule 3001(f) as evidence of a creditor's interest in property for stay relief purposes. *See In re ELMIRA LITHO, INC.*, 174 B.R. 892, 900–02 (Bankr. S.D.N.Y. 1994). Here, Friesen Hay filed a proof of claim and characterizes the claim as secured and perfected by an "Agricultural Lien."[5] Case No. 24-20000, Claim No. 10.

Friesen Hay certainly established that it has an interest in the hay and silage. And from the evidence presented, the Court finds that the hay and silage is declining in value and will continue to decline if it remains unsold. At the conclusion of the hearing, the Court suggested that the parties confer regarding a plan to liquidate the crops. But, to date, the Court has not been advised of any agreement for the disposition of the hay and silage. There is no equity in these crops as asserted claims by Friesen Hay and Agrifund far exceed the value of the crops. The hay and silage will not generate funds for unsecured creditors.

Neither Friesen Hay nor Agrifund is protected for their respective interests in the hay and silage by allowing the crops to merely sit in the field. The Court concludes cause exists to allow Friesen Hay to take possession of and sell the hay and silage.

Turning to § 362(d)(2), after notice and a hearing, the Court shall grant stay relief to a party in interest with respect to the automatic stay of an act against property if the debtor does not have equity in that property and the property is not necessary to an effective reorganization. As to equity, Friesen Hay attributes $75,000 as the highest possible value of the hay and silage

---

[5] The agricultural lien that Friesen Hay claims comes from Texas Property Code §§ 70.401–.410.

based on the Debtors' representation to the Court in their cash collateral motion [ECF No. 38]. The hay and silage are encumbered by both Friesen Hay's claim for over $66,000 and Agrifund's claim for over $1,000,000.[6] Thus, the value of the crop is swallowed by encumbrances. The hay and silage are not necessary to a reorganization; the Debtors have no reorganization in the works.

Under both § 362(d)(1) and (d)(2), Friesen Hay's motion for relief from stay is granted. It is, therefore,

ORDERED that Friesen Hay's motion for stay relief is granted. The Court waives the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

### End of Memorandum Opinion and Order ###

---

[6] Agrifund filed a proof of claim for $1,017,791.15. Case No. 24-20000, Claim No. 15.