Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-1079

Meredyth A. Kippes
for the United States Trustee
meredyth.kippes@usdoj.gov

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **CHARLES BLAKE STRINGER, ET AL.,** | § | **CASE NO.   24-20000-MVL-11** |
| | § | |
| *Debtors-in-Possession.* | § | |
| | § | |
| | § | |
| | § | |

### Agreed United States Trustee's Motion to Dismiss under 11 U.S.C. §1112(b)

**TO THE HONORABLE MICHELLE V. LARSON,**
**UNITED STATES BANKRUPTCY JUDGE:**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON **JUNE 28, 2025**, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF. ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

The United States Trustee for Region 6 files this agreed motion to dismiss this case under

11 U.S.C. §1112(b) or, in the alternative, to convert case to a case under chapter 7 (the "Motion").

The United States Trustee would show:

### Summary

Cause exists to dismiss this case because the jointly administered debtors herein are unable to reorganize. The jointly administered debtors' business property is no longer property of the estate by virtue of either orders granting relief from the automatic stay or a sale order. The only matters remaining in these cases are the administration of Mr. Stringer's personal estate and assets and an adversary proceeding, which asserts state law causes of action that would have been brought in state court absent the existence of the bankruptcy case. Additionally, the Debtors have failed to provide updated proof of insurance to the United States Trustee with regard to Mr. Stringer's personal assets. Further, the jointly administered debtors are delinquent in payment of their statutory fees to the United States Trustee. The United States Trustee has conferred with counsel for the Debtors who represented that the Debtors agree to dismissal of these cases.

### Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing order of reference in the Northern District of Texas. A motion to dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A), (O).

### Factual and Procedural History

**Commencement of the Case**

1.      On January 2, 2024 (the "Petition Date"), Charles Blake Stringer and three related entities (the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. The Court entered the Order Granting Joint Administration of Cases (the "Joint Administration Order," Docket Entry No. 69) on March 7, 2024 jointly administering the Debtors under Case No. 24-

20000.[1]

2.      The Debtors operated an agricultural and cattle yard business in West Texas (the "Farm").  The Debtor also owned the mineral rights under the real property that constituted the Farm.

3.      The cases were filed to avoid a posted foreclosure sale by Herring Bank on January 2, 2024.

4.      The section 341 meeting of creditors was held on February 7, 2024 and continued to February 22, 2024.  The section 341 meeting of creditors was further continued to March 7, 2024 and concluded on that date.

5.      No plan of reorganization or disclosure statement has been filed in these cases.

6.      The exclusive period within which to file a plan expired on May 1, 2024 (the "Exclusivity Deadline").

7.      No motion to extend the Debtors' exclusivity period was filed in these cases in advance of the Exclusivity Deadline.

**Prior Cases**

8.      On December 31, 2003, Charles Blake Stringer filed a chapter 12 petition (Case No. 03-21360) in bankruptcy before this Court, Amarillo Division (the "2003 Case").  A plan was confirmed in the 2003 Case on November 23, 2004.  Charles Blake Stringer received a discharge in bankruptcy after completion of chapter 12 plan on February 5, 2008.

9.      On December 14, 2016, Stringer Farms, Inc. (Case No. 16-44821) filed a chapter

---

[1] The other jointly administered debtors are *In re Stringer Farms, Inc.*, Case No. 20001; *In re Revelation Oil & Gas, LLC*, Case No. 20002; and *In re Dos Ex Cattle, LLC*, Case No. 20003.

11 petition in bankruptcy before this Court, Fort Worth Division. On December 20, 2016, Charles

Blake Stringer (Case No. 16-44871) also filed a chapter 11 petition in bankruptcy before this Court,

Fort Worth Division. The cases were jointly administered under Case No. 16-44821 (the "2016

Case").

10. A plan was confirmed in the 2016 Case on January 9, 2018.

11. A final decree was entered in the 2016 Case on March 28, 2018.

**The Debtors' Assets**

***Mr. Stringer's Assets***

12. Mr. Stringer's initial set of Schedules (the "Original Schedules," Docket Entry No.

29) was filed on January 29, 2024. Mr. Stringer filed an amended Schedule A/B ("First Amended

A/B," Docket Entry No. 58) on February 21, 2024. Mr. Stringer filed a second amended Schedule

A/B ("Second Amended A/B," Docket Entry No. 64) on February 28, 2024. Mr. Stringer filed a

third amended Schedule A/B ("Third Amended A/B," Docket Entry No. 106) on April 29, 2024.

13. Mr. Stringer's Third Amended A/B lists the following real property:

a. Irrigated Farm Land located in Dumas, Texas, Moore County, valued at $18,256,000.00;

b. Farm House & Barn located at 10604 FM 2589, Dumas, Texas, Moore County, valued at $210,000.00;

c. Real property located at 149. S. Shore Drive, Amarillo, Texas, Randall County, valued at $1,200,000.00 (the "S. Shore Drive Property");

d. Lake Tanglewood Lots 1 & 2, Blk. 0028, Amarillo, Texas, Randall County, valued at $25,000.00 (the "Lake Tanglewood Lots"); and

e. 50.32 acres of land, Sec. 311, Blk. 44, Moore County, Texas, valued at $200,000.00.

14. A search of the Potter-Randall Appraisal District's website on May 27, 2025

reflects that Mr. Stringer is the owner of the S. Shore Drive Property and the Lake Tanglewood

Lots.  *See* Potter-Randall Appraisal District, https://www.prad.org/property-detail/142263/2025,

last visited 5/27/2025.

15.    Mr. Stringer's Third Amended A/B lists the following vehicles:

a.    A 2022 GMC AT4 valued at $60,000.00;

b.    A 2021 GMC Yukon Denali valued at $58,000.00;

c.    A 2022 GMC Sierra 1500 valued at $40,000.00;

d.    Two 2012 Polaris snowmobiles valued collectively at $8,000.00;

e.    A 2014 Yamaha 242 boat valued at $20,000.00; and

f.    Two 2014 Yamaha jet ski watercraft valued collectively at $10,000.00.

16.    Mr. Stringer's Third Amended A/B reflects the following household goods and

furnishings:

a.    Furniture valued at $15,000.00;

b.    Appliances valued at $15,000.00;

c.    Electronics valued at $3,500.00;

d.    A coin and currency collection valued at $2,500.00;

e.    Golf clubs valued at $500.00;

f.    Seven firearms collectively valued in the amount of $3,500.00;

g.    Clothes valued at $1,000.00;

h.    Wife's jewelry valued at $22,000.00; and

i.    Three dogs valued at $200.00.

17.    The Debtor's Third Amended A/B reflects the following financial assets:

a. $200.00 in cash;

b. $1,500.00 in Amarillo National Bank checking account ending 9954;

c. $4,350.00 in Amarillo National Bank checking account ending 7175;

d. $50,000.00 in Amarillo National Bank checking account ending 3380;

e. $20.47 in Amarillo National Bank savings account ending 9954;

f. $10,000.00 in Happy State Bank checking account ending 4823;

g. $3,500.00 in Happy State Bank checking account ending 0463;

h. $48,214.29 at West Texas Gas;

i. $100.00 in T.D. Bank checking account ending 7389;

j. $40.00 in Amarillo National Bank checking account ending 7840; and

k. $1,260.00 in Happy State Bank checking account ending 0463.

18. Mr. Stringer's Third Amended A/B reflects 526 shares of Sun Life valued at $27,000.00.

19. Mr. Stringer's Third Amended A/B reflects the following non-publicly traded stock:

a. 100% of Stringer Farms, Inc. valued at $3,090,116.62;

b. 100% of Nutra Acres, LLC valued at $200.00;

c. 11.11% of Tri-Canyon Development Partnership valued at $55,000.00;

d. 100% of Dos Ex Cattle Company, LLC valued at $0.00;

e. 100% of Revelation Oil & Gas, LLC valued at $0.00;

f. 100% of Commodity Brokerage Services, LLC valued at $10,000.00;

g. 100% of Texiana Hemp, Co., LLC valued at $0.00; and

h. Patronage Stock in Dumas Co-op valued at $473,000.00.

20. Mr. Stringer's Third Amended A/B lists the following trusts, equitable or future interest in property and rights or powers exercisable for his benefit:

a. ½ Section (320 acres) S/2 of Section 77 (320 acres) valued at $1,979,674.00; and

b. SF Irrevocable Management Trust valued at $541.03.

21. Mr. Stringer's Third Amended A/B also lists an interest in life insurance, claims against third parties, and deposits with West Texas Gas for meter service.

22. Mr. Stringer's Third Amended A/B lists farm related property of a total value of $2,845,700.00.

### *Stringer Farms, Inc. Assets ("Stringer Farms, "Case No. 24-20001)*

23. Stringer Farms' initial set of Schedules (the "Stringer Farms Original Schedules," Stringer Farms Docket Entry No. 32) was filed on January 30, 2024. Stringer Farms filed an amended Schedule A/B ("Stringer Farms First Amended A/B," Stringer Farms Docket Entry No. 63) on February 21, 2024. Stringer Farms filed a second amended Schedule A/B ("Stringer Farms Second Amended A/B," Stringer Farms Docket Entry No. 69) on February 28, 2024.

24. The Stringer Farms Second Amended A/B lists the following bank accounts:

a. $150.00 in Happy State Bank checking account number ending 9450; and

b. $150.00 in Amarillo National Bank checking account number ending 3372.

25. The Stringer Farms Second Amended A/B lists an estimated deposit in the amount of $26,785.72 with West Texas Gas for meter service.

26. The Stringer Farms Second Amended A/B lists Dumas Co-op Patronage Dividend

Stock valued at $192,000.00.

27.     The Stringer Farms Second Amended A/B lists farming related assets collectively valued in the amount of $1,485,600.00.

28.     The Stringer Farms Second Amended A/B lists the following real property:

a.  Moore County, Texas Property ID 17531 Sec. 51, Blk. 44, H&TC, Abst. 110, 644.32 acs farmland and irrigation wells and equipment valued at $3,264,000.00;

b.  Moore County, Texas Property ID 17533 Sec. 76, Blk. 44, H&TC, Abst. 841, 324.8 acs farmland and irrigation wells and equipment valued at $1,832,000.00;

c.  Moore County, Texas Property ID 17534 Sec. 77, Blk. 44, H&TC, Abst. 123, 324.8 acs farmland and irrigation wells and equipment valued at $1,832,000.00;

d.  Moore County, Texas Property ID 17590 Sec. 177, Blk. 44, H&TC, Abst. 164, 640.00 acs farmland and irrigation wells and equipment valued at $3,264,000.00; and

e.  Moore County, Texas Property ID 17871 Sec. 75, Blk. 44, H&TC, Abst. 122, 649.60 acs farmland and irrigation wells and equipment valued at $3,264,000.00.

### ***Revelation Oil & Gas, LLC's Assets ("Revelation," Case No. 24-20002)***

29.     Revelation filed its original Schedule on January 29, 2024 (the "Revelation Original Schedules," Revelation Docket Entry No. 25).  Revelation filed its amended Schedule A/B on February 27, 2025 (the "Revelation Amended A/B," Revelation Docket Entry No. 40).

30.     The Revelation Amended A/B lists the following bank accounts:

a.  $2,500.00 in Happy State Bank checking account number ending 5307; and

b.  $25.48 in Amarillo National Bank checking account number ending 0159.

31.     The Revelation Amended A/B lists $2,200.00 in accounts receivable, 90 days old or less.

32.     The Revelation Amended A/B lists $4,000.00 of office furniture.

33.     The Revelation Amended A/B lists the following real property:

a.  Office Building, 130 N. Dumas, Ave, Sec. 268, Blk. 44, Dumas, Texas, Moore County valued at $215,000.00;

b.  Mineral interests in Wheeler County, Texas valued at $75,000.00;

c.  Mineral interests in Sherman County, Texas valued at $25,000.00;

d.  Mineral interests in Moore County, Texas valued at $25,000.00; and

e.  Mineral interests in Roger Mills County, Oklahoma valued at $25,000.00.

### *Dos Ex Cattle Co., LLC ("Dos Ex," Case No. 20003)*

34.     Dos Ex filed its original Schedules (the "Dos Ex Original Schedules," Dos Ex Docket Entry No. 25) on January 29, 2024.  Dox Ex filed its amended Schedule A/B (the "Dos Ex Amended A/B," Dox Ex Docket Entry No. 41) on February 28, 2024.

35.     The Dos Ex Amended A/B lists the following bank accounts:

a.   $200.00 in Happy State Bank checking account number ending 8981; and

b.   $10.00 in Amarillo National Bank checking account number ending 6563.

36.     Dos Ex's Amended A/B lists farming related assets collectively valued in the amount of $125,000.00.

37.     Dos Ex's Amended A/B lists 30 acres of real estate with growyard, concrete bunks, pens, water systems, fee bay building valued at $1,300,000.00.

38.     Dos Ex's Amended A/B reflects a claim against CBS Farms in the estimated amount of $200,000.00 in connection with Dos Ex's assertion that CBS Farms used manure belonging to Dos Ex.

**Disposition of Assets**

39.     As a result of orders granting relief from the automatic stay and/or sale orders, upon information and belief, all of the Debtors' real property and equipment relating to the Farm have either been sold or otherwise exited the Debtor's bankruptcy estates.  *See* Memorandum Opinion and Order (the "Herring/Zions Stay Order," Docket Entry Nos. 84, 85 and 86); Agreed Order Granting Relief from Automatic Stay (the "Commerce Street Investment Stay Order," Docket Entry No. 189); Memorandum Opinion and Order (the "Friesen Hay Stay Order," Docket Entry Nos. 104 and 105); .

40.     On May 10, 2024, the Debtors filed the Emergency Motion (I) to Sell Property Free and Clear of Liens, Claims, and Encumbrances under Section 363 and (II) to Lease Property (the "Sale Motion," Docket Entry No. 119) seeking to sell (i) real property located in Moore County, Texas (the "Moore County Property") described in the Farm and Ranch Contract attached to the Sale Motion at Exhibit A; (ii) all personal property located on the Moore County Property, and (iii) all accessories associated with the Moore County Property.  By the Sale Motion, the Debtors also sought to enter into a lease of the Moore County Property with the proposed purchaser, Jacob Froese, upon information and belief, pending the sale of the Moore County Property to Jacob Froese.

41.     The Court entered the Order Granting Debtor's Emergency Motion (I) to Sell Property Free and Clear of Liens, Claims, and Encumbrances under Section 363 and (II) to Lease Property (the "Sale Order," Docket Entry No. 133) on May 31, 2024.  The Sale Order, paragraph J, provides that "[t]he Property that is the subject of this Sale Order is only that real property specifically identified in the Sale Contract and lease attached hereto as Exhibit 'A' and 'B,'

respectively, and any irrigation equipment located on such real property."

42.     Stay relief was also granted with regard to the S. Shore Drive Property. Agreed Order Conditioning Automatic Stay as to Debtor (the "United Wholesale Mortgage Stay Order," Docket Entry No. 227) was entered February 18, 2025.  The United Wholesale Mortgage Stay Order provides that, upon default, the Movant, United Wholesale Mortgage, LLC, shall notify the Court, the Debtors, and Debtors' counsel that the automatic stay has been terminated.  As of the filing of this Motion, no notice of default or termination has been filed in accordance with the United Wholesale Mortgage Stay Order.

**The Adversary Proceeding**

43.     On January 22, 2025, the Court entered the Agreed Order Addressing Debtor's Objection to Claim No. 7 of Bailye Roworks, LLC [DOC 165] and Baily Roworks, LLC's Motion for Relief from Automatic Stay to Permit State Court Litigation to Proceed [DOC 184] (the "Bailey Roworks Stay Order," Docket Entry No. 224).

44.     The Bailey Roworks Stay Order directed as follows:

> Now therefore, CHARLES BLAKE STRINGER and STRINGER FARMS, INC., are ordered to commence an adversary proceeding within 30 days of the date of this order to address DEBTOR'S OBJECTION TO CLAIM NO. 7 OF BAILEY ROWORK, LLC [DOC 165], including, all matters asserted in the pending state court proceeding in No. 81643L1; *BAILEY ROWORKS, LLC, Plaintiff, v. CHARLES BLAKE STRINGER, Defendant*; In the County Court at Law No. 1, Randall County, Texas ("**Randall County Case**") and in No. 5516H; *STRINGER FARMS, INC., Plaintiff, v. BAILEY ROWORKS, LLC, Defendant*; In the 69th District Court, Hartley County, Texas ("**Hartley County Case**").  On timely filing of such adversary proceeding, Bailey Roworks, LLC'S Motion for Relief from Automatic Stay to Permit State Court Litigation to Proceed [Doc 184] shall be deemed denied. In the event of no timely filing of such adversary proceeding, DEBTOR'S OBJECTION TO CLAIM NO. 7 OF BAILEY ROWORK, LLC [DOC 165] shall be deemed denied and Creditor's Claim No. 7 shall be an allowed claim without offset in this proceeding and  Bailey Roworks, LLC's Motion for Relief from Automatic Stay to Permit State Court Litigation to Proceed [Doc 184] shall be deemed withdrawn.

45.     On March 13, 2025, Mr. Stringer and Stringer Farms (the "Plaintiffs") filed

Adversary Proceeding No. 25-2004 (the "Adversary Proceeding") against Bailey Roworks, LLC

(the "Defendant") asserting that negligently mixed and applies herbicide to the Plaintiffs' soybean

and corn crops resulting in damage.

46.　By the Adversary Proceeding, the Debtors also object to the Defendant's proof of

claim filed in these cases.

47.　The Defendant filed an answer and counterclaim on April 17, 2025 asserting causes

of action for sworn account, breach of contract, and quantum meruit against the Plaintiffs.

48.　The Plaintiffs filed an answer to the counterclaim on May 8, 2025.

49.　The causes of action brought in the Adversary Proceeding could be brought in state

court absent the existence of these bankruptcy proceedings.

**Operating Reports**

50.　Dos Ex's April 2025 monthly operating report (each and "MOR") reflects a cash

balance (Part 1, item d.) at the end of the month of $65.00, no cash receipts (Part 1, item b.), and

no income (Part 4). (Docket Entry No. 244)

51.　Stringer Farms' April MOR reflects a cash balance (Part 1, item d.) at the end of

the month of $25.00, no cash receipts (Part 1, item b.), and no income (Part 4). (Docket Entry No.

245)

52.　Revelation's April 2025 MOR reflects a cash balance (Part 1, item d.) at the end of

the month of $400.00, negative cash flow of $47.00 (Part 1, item b. less Part 1, item c.), and no

income (Part 4). (Docket Entry No. 247)

53.　Mr. Stringer's April 2025 MOR reflects a cash balance (Part 1, item d.) at the end

of the month of $44.00, negative cash flow of $36.00 (Part 1, item b. less Part 1, item c.), and no

income (Part 4). (Docket Entry No. 246) However, Part 8 of Mr. Stringer's April 2024 MOR reflects the following income and expenses:

| Part 8: Individual Chapter 11 Debtors (Only) | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $1,550 |
| d. | Total income in the reporting period (a+b+c) | $1,550 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $1,586 |
| h. | All other expenses | $20,589 |
| i. | Total expenses in the reporting period (e+f+g+h) | $22,175 |
| j. | Difference between total income and total expenses (d-i) | $-20,625 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ● N/A ○ |

## Administrative Deficiencies

54. The Debtors are delinquent in the payment of United States Trustee fees in the following amounts:

   a. Charles Blake Stringer, $162.50;

   b. Stringer Farms, $503.02;

   c. Revelation, $1,014.88; and

   d. Dos Ex, $1,264.29.

55. Additionally, the Debtors have failed to provide updated proof of insurance to the United States Trustee.

56. Debtors' counsel has represented to the United States Trustee that he believes that the Debtors no longer need to maintain insurance because "everything" was sold. However, the Sale Order was limited to farming assets in Moore County, Texas. Because the Debtors still have

some assets that were not sold to Jacob Froese, including automobiles and real property belonging to Mr. Stringer, the Debtors are still required to maintain insurance.

**Agreement to Dismiss**

57.    On June 2, 2025, the undersigned counsel conferred with Max Tarbox, counsel for the Debtors, who represented that the Debtors agree to dismissal of these cases.

**Legal Analysis**

**General discussion of burdens when dismissal or conversion is sought:**

58.    Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . .." 11 U.S.C. § 1112(b)(1). Under § 1112(c), the court cannot convert a case to chapter 7 if the debtor is a non-profit corporation, but the court must still dismiss the case if cause is established. *Id.* § 1112(c).

59.    Section 1112(b) places the initial burden of establishing "cause" on the movant. *Id.*; *see also In re Briggs-Cockerham, L.L.C.*, No. 10-34222-BHJ-11, 2010 WL 4866874 at *4 (Bankr. N.D. Tex. Nov. 23, 2010). If cause is established, the burden shifts to the debtor to prove that he or she falls within the § 1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion.

**Failure to Maintain Insurance**

60.    A case under chapter 11 may be dismissed for failure to "maintain appropriate insurance that poses a risk to the estate or to the public" 11 U.S.C. § 1112(b)(4)(C).

61.    While most or all of the property associated with the Farm has left the estates by

sale or lift of stay, at least Mr. Stringer appears still to own the S. Shore Drive Property, the Tanglewood Lots, and several automobiles or other vehicles.  Failure to maintain insurance of Mr. Stringer's real property and vehicles poses a risk to the estate in that tort claimants may be entitled to seek payment of damages from estate on a priority basis.  *See Reading Co. v. Brown,* 391 U.S. 471, 480 (1968)(holding that tort claimants damaged by fire which spread from uninsured estate property were entitled to an administrative priority claim ahead of pre-petition creditors).  Cause exists to dismiss these cases because the Debtors have not provided updated proof that they maintain insurance on the remaining property in these estates.

62.     Furthermore, the United States Trustee's *Guidelines for Chapter 11 Cases Northern & Eastern Districts of Texas Region VI* ("Guidelines")[2] requires debtors maintain appropriate insurance coverage, including 1) general liability; 2) causal or property insurance; and 3) worker's compensation and unemployment insurance.  *Guidelines §* VII(B).  Local Bankruptcy Rule 2020-1 provides that "[f]ailure to comply with the requirements of these [G]uidelines may constitute cause justifying…dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b)."  L. Bankr. R. 2020-1.

**Failure to Pay Statutory Fees**

63.     Chapter 11 debtors are required to pay a statutory quarterly fee to the United States Trustee "for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever comes first." 28 U.S.C. §1930(a)(6).  This requirement is also included in Part IX of the Guidelines.  Failure to pay these fees constitutes cause for dismissal. 11 U.S.C. § 1112(b)(4)(K).

---

[2] The *Guidelines* may be accessed at https://www.justice.gov/ust/media/1337916/dl?inline .

64.     Cause exists to dismiss these cases because the Debtors have failed to pay their outstanding quarterly fees through the first quarter of 2025.

**<u>Inability to Reorganize</u>**

65.     Cause to dismiss this case includes substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A).  Springer Farms, Revelation and Dos Ex no longer have operations or assets to reorganize.

66.     Analysis of a reasonably likelihood of rehabilitation is case-specific and will address the debtor's viability and rate of progress.  *See In re Timbers of Inwood Forest Assoc., Ltd.*, 808 F.2d 363, 371-72 (5th Cir. 1987) (*en banc*), *aff'd sub nom*, *United Savings Assoc. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365 (1988).

67.     Springer Farms, Revelation and Dos Ex no longer have operations or assets with which to reorganize.  Each of their cash balances as reflected by their April 2025 MORs is minimal.  None of them report income.  Mr. Stringer reports $1,550.00 in income in Part 8 of his April 2025 MOR and expenses of $22,175.00, far eclipsing his income.  It is not proper to utilize the protection of the bankruptcy laws where there is no going concern to preserve, no employees to protect, and no hope of rehabilitation. *See In re Little Creek Development Co.*, 779 F.2d 1068 (5th Cir. 1986).

68.     These Debtors' only chance to reorganize are to either: (A) sit stagnant in bankruptcy for months while the Adversary Proceeding is litigated, or (B) make the outcome of the Adversary Proceeding somehow a part of an eventual plan of reorganization. Neither of these options are an appropriate use of the bankruptcy system. *See In re American Capital Equipment, LLC*, 688 F.3d 145, 156 (3rd Cir. 2012)(holding that "A plan will not be feasible if its success

hinges on future litigation that is uncertain and speculative, because success in such cases is only possible, not reasonably likely.").

69.     Further, the Adversary Proceeding and related counterclaims were originally filed state court and are completely premised on state law claims. Accordingly, if the Court dismisses these cases, the Adversary Proceeding could be litigated in state court.

**Unreasonable Delay**

70.     Cause to dismiss this case also exists under 11 U.S.C. § 1112(b)(4)(J).   The Debtors' cases have been pending for nearly 18 months as of the filing of this Motion.   Exclusivity has terminated.   No proposed plan or disclosure statement has been filed.   The only matters remaining in these estates are the administration of Mr. Stringer's assets and the Adversary Proceeding.

**Conclusion**

For these reasons, the United States Trustee respectfully requests that the Court enter an order (i) dismissing this case and (ii) granting such other and further relief to which he may be entitled.

Dated: June 4, 2025.                              Respectfully Submitted,

                                        LISA L. LAMBERT
                                        UNITED STATES TRUSTEE

                                        */s/ Meredyth A. Kippes*
                                        Meredyth A. Kippes
                                        Trial Attorney
                                        Texas State Bar No. 24007882
                                        Office of the United States Trustee
                                        1100 Commerce St.  Room 976
                                        Dallas, Texas 75242
                                        meredyth.kippes@usdoj.gov
                                        (214) 767-1079

## Certificate of Conference

The undersigned hereby certifies that she conferred with Max Tarbox, counsel for the Debtors, on June 2, 2025, who represented that the Debtors agree to dismissal of these cases.

*/s/ Meredyth A. Kippes*
Meredyth A. Kippes

## Certificate of Service

I certify that I sent copies of this motion on June 4, 2025 via ECF to those parties requesting ECF notice and to the parties listed below via First Class United States Mail at the addresses listed below.

*/s/ Meredyth A. Kippes*
Meredyth A. Kippes

Charles Blake Stringer
149 S. Shore Drive
Amarillo, TX 79118

Dos Ex Cattle Co., LLC
P.O. Box 1090
Dumas, TX 79029

Revelation Oil & Gas, LLC
P.O. Box 1084
Dumas, TX 79029

Stringer Farms, Inc.
P. O. Box 1084
Dumas, TX 79029

Max R. Tarbox
2301 Broadway
Lubbock, TX 79401

Samantha Espino
Underwood Law Firm
500 S Taylor, Ste. 1200
Amarillo, TX 79101

Michael S. Smiley
Underwood Law Firm
P.O. Box 9158
Amarillo, TX 79105

Reuben L. Hancock
Reuben L. Hancock, P.C.
7480 Golden Pond Pl., Ste 200
Amarillo, TX 79121

Jeff P. Prostok
Vartabedian Hester & Haynes LLP
301 Commerce Street, Suite 3635
Fort Worth, TX 76102

Jody Dewayne Jenkins
Jenkins & Young, P.C.
P.O. Box 420
Lubbock, TX 79408

John F. Massouh
Sprouse Shrader Smith, P.C.
701 S. Taylor, Suite 500,Box 15008
Amarillo, TX 79105

Alysia Cordova
Perdue Brandon Law Firm
6900 I-40 West Ste. 300
PO BOX 9132
Amarillo, TX 79105

Dawn Whalen Theiss
US Attorney Office
1100 Commerce Street, Suite 300
Dallas, TX 75242

Mitchell J. Buchman
Barrett Daffin Frappier Turner & Engel
1900 St. James Place, Suite 500
Houston, TX 77056

Jeffrey Michael Fleming
Barrett Daffin Frappier Turner & Engel
15000 SURVEYOR BLVD SUITE 100
ADDISON, TX 75001

Todd Jeffrey Johnston
McWhorter Cobb & Johnson, LLP
1722 Broadway,P.O. Box 2547
Lubbock, TX 79408

Mark Joseph Petrocchi
Griffith, Jay & Michel, LLP
2200 Forest Park Boulevard
Ft. Worth, TX 76110

John Lovell
Lovell Lovell Isern & Farabough, LLP
112 SW 8th Avenue, Suite 1000
Amarillo, TX 79101